IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL GAMMILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:17-03300-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's [Administrative Law Judge] decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8th Cir. 2011)). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: diabetes mellitus, neuropathy, fibromyalgia/central sensitization, chronic migraine headaches, and essential tremors. The ALJ also determined Plaintiff has the following non-severe impairments: a history of hypoglycemic seizures, spells of unclear episodes, syncopal spells, knee pain, hypertension, asthma, allergic rhinitis, anxiety, and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). After consideration of the entire record, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following limitations: lifting up to ten (10) pounds at a time and occasionally walking and standing; Plaintiff must avoid all exposure to hazards including dangerous machinery and unprotected heights. *See* 20 CFR 404.1567(a) and 416.967(a). The ALJ found that Plaintiff had the RFC to perform past relevant work as a customer service clerk and a freight rate analysist. The ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform jobs that exist in significant numbers in the national economy. Based on the ALJ's finding that Plaintiff was able to work, the ALJ found Plaintiff was not disabled.

On appeal, Plaintiff presents the following issues: (1) whether the ALJ properly evaluated Plaintiff's credibility, (2) whether the ALJ properly evaluated the medical opinions in the record, and (3) whether the ALJ properly formulated Plaintiff's RFC.

First, substantial evidence supports the ALJ's evaluation of Plaintiff's credibility. *See Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (a court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence"); 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-7p.[1] The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the Plaintiff's statements concerning intensity, persistence, and limiting effects of the symptoms are not fully credible. Plaintiff testified he can perform normal activities of daily living including maintaining personal hygiene, driving a vehicle independently, helping with chores, and using the

---

[1] Effective March 28, 2016, a new Ruling—SSR 16-3p—superseded SSR 96-7p. Under this new SSR, the term "credibility" is no longer used as part of the SSA's regulatory policy, in which the ALJ used a plaintiff's subjective assertions to evaluate his or her character. Here, the ALJ decided this case under SSR 96-7p, the Ruling effective at the time of the decision.

computer. Plaintiff also testified he could not afford prescription medication; however, Plaintiff did not apply for a prescription drug assistance program and was able to afford to go on a cruise to the Bahamas. Finally, Plaintiff's noncompliance with medical advice calls into question the credibility of his subjective complaints. Plaintiff did not follow medical recommendations to exercise and stop smoking. *See Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (substantial evidence supports the ALJ in finding the claimant was not disabled where the claimant was not restricted in daily activities including: laundry, light housework, cooking meals, and grocery shopping); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("an ALJ may properly consider the claimant's noncompliance with a treating physician's directions . . . including failing to take prescription medications, . . . seek treatment [and] quit smoking"). Accordingly, the record contains substantial evidence to support the ALJ's finding that Plaintiff's subjective complaints lack credibility.

Second, substantial evidence supports the ALJ's evaluation of the medical opinions in the record. Specifically, Plaintiff argues the ALJ did not give appropriate weight to the opinions of treating physicians Dr. Thomas and Dr. Radhamma. Although a treating physician's opinion is usually entitled to great weight, it may be discounted when the opinion contradicts the record as a whole. *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (citations omitted). Plaintiff introduced two opinions from Dr. Radhamma, a narrative letter requesting insurance support for Plaintiff's medical needs and a Medical Questionnaire. The ALJ properly gave little, rather than controlling weight, to both opinions from Dr. Radhamma. Dr. Radhamma's narrative letter only addressed insurance coverage and did not discuss how Plaintiff's limitations would affect his ability to work. Further, Dr. Radhamma did not frame the letter in functionally limiting terms, nor did she justify her statements with specific support. In Dr. Radhamma's Medical Questionnaire, Dr. Radhamma's opined limitations are inconsistent with Dr. Radhamma's own treatment notes, inconsistent with the clinical and diagnostic test findings, and inconsistent with the record as a whole.[2] Further, the ALJ discounted Dr. Radhamma's opinion in the Medical Questionnaire because it was written in a checkbox format without further explanation. *See Anderson v. Astrue*,

---

[2] As an example, Dr. Radhamma opined Plaintiff would be limited to lifting less than five (5) pounds frequently. However, Dr. Radhamma's treatment notes generally indicated that Plaintiff had normal strength and tone in all extremities with absence of joint tenderness, deformity, or swelling. Further, in Dr. Radhamma's most recent treatment notes, she indicated that Plaintiff had improved overall and his blood sugars were regulated.

3

696 F.3d 790, 794 (8th Cir. 2012) ("[W]e have recognized that a conclusory checkbox form has little evidentiary value when it 'cites no medical evidence, and provides little to no elaboration.'") (quoting *Wildman*, 596 F.3d 959, 965 n.3 (8th Cir. 2010)); *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997) ("[r]esidential functional capacity checklists, though admissible, are entitled to little weight in the evaluation of disability.").

Plaintiff also offered a narrative letter from Dr. Thomas. The ALJ afforded little weight to Dr. Thomas's medical opinion because it was not framed in functionally limiting terms and lacked specific support.[3] Further, although Dr. Thomas opined that Plaintiff was completely disabled, Dr. Thomas' statement is not dispositive because a disability determination is an administrative finding left to the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2); *Ellis v. Barnhart*, 392 F.3d 988, 994-95 (8th Cir. 2005) (a medical source opinion that Plaintiff is disabled or unable to work is an issue reserved for the ALJ).

Finally, substantial evidence supports the ALJ's RFC determination. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (Plaintiff has the burden to prove his RFC); *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("The ALJ must assess a claimant's RFC based on all relevant, credible, evidence in the record, 'including medical records, observations of treating physicians and others, and an individual's own description of his limitations'") (citations omitted)); *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (the ALJ's determination of Plaintiff's RFC is the responsibility of the ALJ alone, distinct from a medical source opinion). Plaintiff argues the ALJ erred in her conclusion that Plaintiff had only limited, non-exertional restrictions, leading the ALJ to conclude that Plaintiff could return to his past relevant work as a customer service clerk and a freight rate analyst. The ALJ properly formulated Plaintiff's RFC. The ALJ established a restrictive physical RFC based on the overall record, including the ALJ's finding that Plaintiff's credibility was lacking. Although the VE testified that employers in the national economy would not accommodate the non-exertional limitations found by Dr. Radhamma, the VE's findings were properly discounted by the ALJ. Substantial evidence supports the ALJ's decision to discount the VE's findings that were based on Dr. Radhamma's opined limitations because the ALJ only gave partial weight to Dr. Radhamma's opinion. *See*

---

[3] Although Dr. Thomas opined in a narrative letter that Plaintiff had plummeting blood sugars making it impossible for Plaintiff to maintain employment, Dr. Thomas did not elaborate as to what type of functional limitations would have resulted from low blood sugars.

4

*Milam v. Colvin*, 794 F.3d 978, 985-86 (8th Cir. 2015) (a vocational expert's testimony based on properly phrased hypothetical questions is substantial evidence); *Lockwood v. Colvin*, 627 Fed. Appx. 575, 577 (8th Cir. 2015) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)) ("[e]ven though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the [ALJ]"); *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (citing *Owen v. Astrue*, 551 F.3d 792, 801–02 (8th Cir.2008)) (other internal citations omitted) ("[A]n ALJ may omit alleged impairments from a hypothetical question posed to a vocational expert when '[t]here is no medical evidence that these conditions impose any restrictions on [the claimant's] functional capabilities'" or "when the record does not support the claimant's contention that his impairments 'significantly restricted his ability to perform gainful employment.'") Accordingly, substantial evidence supports the ALJ's RFC determination.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 25, 2018